GUM, *Appellant*, **v.** SWEARINGEN.

1. **Guardian and Ward**: SALE BY GUARDIAN OF WARD'S PROPERTY: ACCOUNTING FOR PROCEEDS: CONVERSION. If a guardian fully accounts for the proceeds of an unauthorized sale of a note belonging to his ward's estate, the purchaser will not be liable to the ward as for conversion, although he bought with notice that the note was the ward's property; neither will the maker after payment to the purchaser be liable to pay again to the ward, although he also knew the facts when he paid.

2. ———: LIABILITY OF GUARDIAN'S SURETIES. The sureties in a guardian's bond are not liable for any default which occurred before they became sureties.

*Appeal from Howard Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

This was a suit brought by Shepherd Gum (by John H. Alsop, his guardian), Joseph W. Chilton and L. L. Kingsbury, against Obed Swearingen and R. H. & Jacob Fisher. The petition alleged in substance that one Rawlings had formerly been the guardian of Gum, and Chilton and Kingsbury had been the sureties on his bond as such guardian; that Rawlings being in default, suit was brought and judgment was obtained against Chilton and Kingsbury, as his sureties, in the sum of $467.73, which sum they had been compelled to pay, Rawlings having become insolvent and having absconded from the State; that Rawlings, as the guardian of Gum, was lawfully possessed as the property of his ward of a promissory note made by the Fishers for the sum of $300, whereby, on or before the 1st day of March, 1870, they promised to pay to the order of Rawlings, as guardian of Gum, $300, it being for the rent of the farm belonging to the estate of Jonathan Gum, deceased, dated March 3rd, 1869, with ten per cent. interest after maturity; that Rawlings transferred and sold this note to Swearingen, to pay his (Rawlings') individual debt; that Swearingen well knew the note to be the property of Gum; and the note upon its face imparted notice to him

of that fact, and that Rawlings had no authority to sell or dispose of the same; that Swearingen, to defraud and cheat Gum and the securities on Rawlings' bond, had not and would not deliver up the note, or the proceeds thereof to the parties entitled thereto, although requested to do so ; that Swearingen afterwards induced the Fishers to pay said note, with interest, and converted and disposed of the proceeds thereof; that the Fishers had full notice and knowledge of all the facts at the time they paid.

There was a prayer that defendants be required to produce the note in court, and also for judgment for its amount. The defendants filed separate answers, denying all the allegations of the petition, and averring specially that Rawlings had not transferred the note to Swearingen to pay his individual debt. that Swearingen had paid full value for it when he received it, and had no knowledge that it belonged to Gum, that at that time Rawlings was in good circumstances, and that he subsequently paid out for his ward more than $1,500, that the Fishers had paid the note without any fraudulent notice, and that plaintiffs Chilton and Kingsbury did not become sureties on Rawlings' bond until more than three years after the sale of the note. The plaintiffs replied, denying all the new matter set up in the answers. At the trial both parties gave evidence tending to sustain their pleadings, but no evidence was offered to show what disposition Rawlings had made of the money paid him by Swearingen for the Fisher note, nor whether he had ever accounted for it to his ward. There was judgment for defendants and the plaintiffs appealed.

S. C. Major, Jr., and John L. Jones for appellant, argued that the defendant, Swearingen, knowing, as the evidence showed he did, that the note was the property of the ward, took nothing by his purchase, and the Fishers knowing the same fact, a payment to Swearingen was equivalent to no payment. Ranney v. Brooks, 20 Mo. 105 ; Renshaw v. Wills, 38 Mo. 201 ; and further, that Chilton

and Kingsbury having paid the judgment against them, were entitled to be subrogated to the rights of the ward in respect of the note. *Furnold v. The Bank*, 44 Mo. 336; *Sweet v. Jeffries*, 48 Mo. 279.

*Herndon & Herndon* for respondents.

HENRY, J.—For aught that appears in the petition of the plaintiff and the evidence in the cause, Rawlings, the former guardian, accounted to the ward's estate for the amount of the note against the Fishers. If he did account for it, neither he, nor Swearingen, nor the Fishers were under any liability to the ward or to Chilton and Kingsbury on that account, and neither Swearingen nor the Fishers could be held liable for a default of Rawlings in regard to any other assets belonging to his ward. Chilton and Kingsbury were not liable for the default of Rawlings in regard to the Fisher note, if it occurred before they became securities. It does not appear from the evidence on what account the judgment was rendered which was satisfied by Chilton and Kingsbury. The petition seems to have been framed on the theory that the sale and transfer of the note made Swearingen and the Fishers liable as for a conversion of property belonging to the ward, whether the guardian fully accounted to the ward's estate for the amount of the note or not.

The judgment of the circuit court is affirmed. All concur.

AFFIRMED.